## JOHN H. WOODBURY, Inc., v. WILLIAM A. WOODBURY CORPORATION et al.

District Court, S. D. New York.
June 13, 1938.

Edward S. Rogers and John C. Pemberton, both of New York City (Edward S. Rogers, John C. Pemberton, and Clifton Cooper, all of New York City, of counsel), for plaintiff

Isaac Reiss, of New York City (Arthur A. J. Weglein, Isaac Reiss, and Elliot Paley, all of New York City, of counsel), for defendant Woodbury Corporation.

KNOX, District Judge.

If confusion between plaintiff's and defendants' goods is effectually to be avoided, it is necessary that the products of one company be clearly distinguishable from those of the other. My ingenuity at phrase-making is insufficient to enable me to alight upon a legend which will, at once, satisfy the rights of plaintiff and be fully protective of the commercial requirements of defendants. The legend proposed by defendants would result in great advantage to them and be most harmful to plaintiff. The legend would carry the implication that plaintiff, rather than defendants, is the offending party. It must be rejected. That the legend which my decree directs be borne by defendants' products lends itself to sales resistance must be admitted. At the same time, if the decree is to serve its purpose, the legend can hardly be less specific. Until modified or reversed by the Court of Appeals, the decree will have to stand.

Motion denied.